## LEWIS THAYER *vs.* JAMES CONNOR.

If a written promise to pay money is given with a condition providing that it shall be void upon the happening of a certain event, the burden of proof, in an action against the maker, is upon the defendant to show that the event has happened.

CONTRACT upon the following written instrument: " Boston, Jan. 22, 1859. Three months after date, I promise to pay Lewis Thayer or order thirty dollars on demand, and if the said Connor should be removed from this building as used for a bird store then this note is null and void, and the said Thayer is to have the furnace in the cellar. James Connor." The declaration, after amendment, stood as follows: " And the plaintiff says that in the month of January 1859 he sold and delivered to the defendant the furniture in a store in Scollay's building, so called, in Boston, and the furnace in the cellar under said store, and, in consideration of the sale and delivery of the said furniture and furnace by the plaintiff to the defendant, the said defendant agreed to pay the plaintiff the sum of sixty-five dollars therefor as follows: thirty-five dollars in cash, which the defendant paid, and the sum of thirty dollars according to the terms of an agreement, a copy whereof is annexed to the plaintiff's writ. And the plaintiff avers that the said defendant has never paid said sum of thirty dollars, although the three months from the date of said agreement have long since elapsed, and the said plaintiff has demanded payment of said sum, to wit, on the first day of May A. D. 1859. And the said plaintiff says the said defendant was not removed from the building as used for a bird store, mentioned in said agreement." The answer, amongst other things, averred that the money " was made payable on the happening of a condition," and that " the condition never happened or came to pass," and denied that the defendant was allowed to occupy said building.

At the trial in the superior court, before *Putnam*, J., it became a question upon which party the burden of proof rested in reference to the condition of the agreement; and the judge instructed

the jury that it was on the plaintiff to show that the defendant was not removed from the store referred to within three months.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. Williams*, for the plaintiff.

*P. C. Bacon*, for the defendant.

DEWEY, J. The case of *Gray* v. *Gardner*, 17 Mass. 188, seems fully in point as to the present case. That was a promise to pay $5198 to the plaintiff, on the condition that if a certain quantity of oil should arrive at certain ports on or before a day named, " then this obligation to be void." The case was thus : the plaintiff had sold to the defendants a large quantity of oil, and the price, above sixty cents a gallon, was to depend upon the quantity of oil in market at a given day, and for this the above obligation was given, to be void on the condition therein named. The court held that the burden of proving the happening of the event named in the condition was upon the defendants. In the opinion there given it was said, " The defendants in this case promise to pay a certain sum of money, on condition that the promise shall be void on the happening of an event. It is plain that the burden of proof is upon them ; and if they fail to show that the event has happened, the promise remains good."

The case of *Jennison* v. *Stafford*, 1 Cush. 168, presented the question of the burden of proof, where the consideration of a promissory note was denied, and, it being shown to be a promise to forbear to sue a third person for six months, the court held that the burden of proof was not on the payee to show that he had forborne to sue, but on the maker of the note to show that the payee had not forborne.

In recurring to the amended declaration upon which the present case was tried before the jury, it will be seen that the contract, as set forth, was a sale and delivery by the plaintiff to the defendant, of certain furniture and a furnace used in a store, and the promise was to pay a certain sum therefor; but as the vendee might by the acts of a third person be deprived of the use of the store, and the value of the articles to the vendee be

thereby diminished or destroyed, the promise to pay for the same, to the extent of thirty dollars, was to be void if the promisor should be removed from the building. The happening of this event was to operate to defeat the promise, and as it seems to us, upon the authority of the case of *Gray* v. *Gardner*, the burden of proof was on the defendants to show that the event had happened.

So also the principle, often stated, that when the subject matter is peculiarly within the knowledge of a party, the burden is on him to prove the fact that is relied upon as showing that the promise is discharged, may have its application here, in considering whether upon the whole case, as disclosed, the burden is on the defendant to show that he was removed from the store, if he would avail himself of the condition annexed to his promise. *Exceptions sustained*